IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RODRIGO SERRATO, #18420-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv269 |
| | § | CRIMINAL ACTION NO. 4:11cr6(8) |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM OPINION AND ORDER**

In a motion for reconsideration, Rodrigo Serrato asks this court to reconsider its Final Judgment denying his Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. If a motion for relief from judgment is filed within twenty-eight (28) days of final judgment, Movant's motion should be filed as a motion under Rule 59. Fed. R. Civ. P. 59(e). If the motion is served after that time, it falls under Rule 60(b). Fed. R. Civ. P. 60(b). This motion is properly filed under Rule 60(b) as it was filed approximately six weeks after final judgment.

Rule 60(b) is properly invoked to "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

Movant, in his motion for reconsideration, now asks the court to reopen his case, and grant him an appeal. The court dismissed his case for his failure to prosecute. Movant failed to notify the court that he had moved to a different prison. Mail that was addressed to Movant was returned to the court on April 9, 2014, but Movant did not notify the court of his new address until October 6, 2014 – approximately six months later, and six weeks after Final Judgment issued. Movant fails to present new evidence that was unavailable earlier or new controlling case law. He also does not present a clear error of law or fact. Thus, it appears that Movant's motion for reconsideration is premised on the argument that reconsideration is necessary to prevent a manifest injustice.

The court notes that it is the responsibility of Movant to send a notice of change of address. Movant failed to do so. Although he claims that he has no control over where he is placed, that fact does not explain Movant's failure to notify the court of his new address for six months. Movant fails to meet his burden of showing that denying his motion for reconsideration will result in a manifest injustice. It is therefore

**ORDERED** that Movant's Motion for Reconsideration (#17) filed pursuant to Rule 60(b) is **DENIED**. Since Movant's § 2255 motion was denied without prejudice, he may file another action pursuant to § 2255. This court, however, declines to express an opinion as to the timeliness of a second § 2255 motion. All motions by either party not previously ruled upon are **DENIED**.

**SIGNED this 22nd day of September, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE